UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HARSIN,<br><br>Petitioner,<br><br>v.<br><br>RICK HILL,<br><br>Respondent. | No. 2:19-cv-2516 WBS KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2017 conviction for second degree murder; driving under the influence of alcohol/drugs causing bodily injury; and driving under the influence of alcohol with blood alcohol of 0.08 or more by weight, causing injury. (ECF No. 1.) Petitioner was sentenced to 15 years-to-life in state prison. Petitioner claims that the trial court committed reversible error by failing to sua sponte instruct the jury on involuntary manslaughter as a lesser offense to murder. (ECF No. 1 at 4.) After careful review of the record, this court concludes that the petition should be denied.

II. Procedural History

On February 9, 2017, in the Shasta County Superior Court, a jury found petitioner guilty of murder in the second degree and drunk driving offenses, along with great bodily injury

enhancements. (ECF No. 18-4 at 324-27 (Clerk's Transcript on Appeal).) On March 13, 2017, petitioner was sentenced to fifteen years-to-life in state prison.

Petitioner appealed the conviction to the California Court of Appeal, Third Appellate District. The Court of Appeal affirmed the conviction on May 7, 2018. (ECF No. 18-8.)

Petitioner filed a petition for review in the California Supreme Court, which was denied on July 18, 2018. (ECF No. 18-10.)

Petitioner filed the instant petition on October 25, 2019. (ECF No. 1.)

III. Facts and Procedural Background[1]

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> In October 2014, defendant Jason Scott Harsin killed another driver in a head-on car collision while driving under the influence of alcohol. A jury found him guilty of second degree murder (Pen. Code, §§ 187, subd. (a), 189),[FN1] driving under the influence of alcohol and causing bodily injury to another person (Veh. Code, § 23153, subd. (a)), and driving with a blood-alcohol level of 0.08 percent or greater and causing bodily injury to another person (Veh. Code, § 23153, subd. (b) ). The jury also found true the allegations that he personally inflicted great bodily injury on a nonaccomplice. (Pen. Code, § 12022.7.) The trial court sentenced him to 15 years to life in prison.
>
> [FN1: Undesignated statutory references are to the Penal Code.]
>
> . . .
>
> *Defendant's Prior Conduct*
>
> In October 2000, defendant was involved in a single-car rollover accident. When a police officer arrived at the scene, he smelled alcohol on defendant's breath and observed other physical signs of intoxication, including slow speech and bloodshot and watery eyes. Defendant admitted to the officer that he had been drinking prior to the accident. After administering field sobriety tests, the officer arrested defendant for driving under the influence of alcohol. (Veh. Code, § 23152.) In November 2000, defendant pleaded guilty to a "wet reckless," i.e., reckless driving with the consumption of alcohol. (Veh. Code, §§ 23103, subd. (a), 23103.5.)

---

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Harsin, No. C084354 (May 7, 2018), a copy of which was lodged by respondent as Exhibit 8. (ECF No. 18-8.)

2

> In 2008 and 2012, defendant signed an application for a driver's license in which he acknowledged that driving under the influence of alcohol is extremely dangerous to human life, and that he could be charged with murder if he drove while under the influence of alcohol and killed someone.
>
> *The 2014 Incident*
>
> Around 10:00 p.m. on October 24, 2014, defendant drove drunk. He was traveling approximately 58 miles per hour in his F-150 Ford pickup truck when he crossed into oncoming traffic and collided with a car head-on. The driver of the car was fatally injured. There was no evidence that defendant braked or swerved before the collision. Around two hours after the collision, defendant's blood-alcohol level was 0.21 percent, more than two-and-a-half times the legal limit. Defendant was tried and convicted as described above.

(People v. Harsin, slip op. at 2-3) (ECF No. 18-8.)

IV. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision.

3

Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. [2] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams v. Taylor, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous"'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Richter, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289,

298 (2013) (citing Richter, 562 U.S. at 98).  If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court.  Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at 853.  Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief."  Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012).  While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief."  Richter, 562 U.S. at 98.  This court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  Id. at 101.  The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'"  Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

V. Petitioner's Claim

Petitioner claims that it was error for the trial court not to instruct the jury on involuntary manslaughter based on the theory of unconsciousness due to voluntary intoxication, which he

argues was supported by substantial evidence. Respondent counters that petitioner fails to present a federal constitutional question, and there is no clearly established right to a jury instruction on a lesser-included offense in a non-capital case.

The last reasoned rejection of petitioner's first claim is the decision of the California Court of Appeal for the Third Appellate District on petitioner's direct appeal. The state court addressed this claim as follows:

DISCUSSION

> As we have detailed above, defendant was charged with, among other crimes, second degree murder. During closing argument, the People argued that defendant was guilty of second degree murder based on an implied malice theory, which applies "when a killing results from an intentional act, the natural consequences of which are dangerous to human life, and the act is deliberately performed with knowledge of the danger to, and with conscious disregard for, human life. [Citation.]" (*People v. Cook* (2006) 39 Cal.4th 566, 596.) The jury was instructed on second degree murder but not on any lesser included offenses thereof. CALCRIM Nos. 625 and 626 were neither requested nor discussed.

> I

> *Defendant's Claim*

> On appeal, defendant contends that involuntary manslaughter, based on unconsciousness due to voluntary intoxication, is a lesser-included offense of the implied malice second degree murder he was alleged to have committed when driving drunk. He further contends that substantial evidence was presented at trial to support a finding he was unconscious at the time of the collision due to voluntary intoxication.

> He first argues that the trial court had a sua sponte duty to provide the jury with an avenue for finding involuntary manslaughter by giving CALCRIM No. 626, which provides:

> "Voluntary intoxication may cause a person to be unconscious of his or her actions. A very intoxicated person may still be capable of physical movement but may not be aware of his or her actions or the nature of those actions.

> "A person is *voluntarily intoxicated* if he or she becomes intoxicated by willingly using any intoxicating drug, drink, or other substance

7

knowing that it could produce an intoxicating effect, or willingly assuming the risk of that effect.

"When a person voluntarily causes his or her own intoxication to the point of unconsciousness, the person assumes the risk that while unconscious he or she will commit acts inherently dangerous to human life. If someone dies as a result of the actions of a person who was unconscious due to voluntary intoxication, then the killing is involuntary manslaughter.

"Involuntary manslaughter has been proved if you find beyond a reasonable doubt that:

"1. The defendant killed without legal justification or excuse;

"2. The defendant did not act with the intent to kill;

"3. The defendant did not act with a conscious disregard for human life;

"AND

"4. As a result of voluntary intoxication, the defendant was not conscious of (his/her) actions or the nature of those actions.

"The People have the burden of proving beyond a reasonable doubt that the defendant was not unconscious. If the People have not met this burden, you must find the defendant not guilty of (murder/ [or] voluntary manslaughter)."

He next argues that the trial court should have given CALCRIM No. 625, which provides:

"You may consider evidence, if any, of the defendant's voluntary intoxication only in a limited way. You may consider that evidence only in deciding whether the defendant acted with an intent to kill[,] [or] [the defendant acted with deliberation and premeditation[,] ] [ [or] the defendant was unconscious when (he/she) acted[,] ] [or the defendant <*insert other specific intent required in a homicide charge or other charged offense*>.]

"A person is *voluntarily intoxicated* if he or she becomes intoxicated by willingly using any intoxicating drug, drink, or other substance knowing that it could produce an intoxicating effect, or willingly assuming the risk of that effect.

"You may not consider evidence of voluntary intoxication for any other purpose."

8

II

*Analysis*

A trial court is obligated to instruct on the general principles of law that are raised by the evidence. This includes a sua sponte duty to instruct on a lesser included offense when there is substantial evidence, viewed in the light most favorable to the defendant, from which a rational jury could conclude that the defendant committed the lesser offense and that he is not guilty of the greater offense. (*People v. Turk* (2008) 164 Cal.App.4th 1361, 1368, fn. 5; *People v. DePriest* (2007) 42 Cal.4th 1, 50; *People v. Cole* (2004) 33 Cal.4th 1158, 1218.) The de novo standard of review is applied to the failure to instruct on a lesser included offense. (*People v. Manriquez* (2005) 37 Cal.4th 547, 584.)

When a killing is committed while driving a vehicle, the driver's voluntary intoxication cannot reduce his criminal responsibility to involuntary manslaughter. (*People v. Carlson* (2011) 200 Cal.App.4th 695, 705-707 (*Carlson*) [unconsciousness caused by voluntary intoxication is not a defense to second degree murder based on implied malice when a fatal traffic collision occurs]; *People v. Ferguson* (2011) 194 Cal.App.4th 1070, 1082 [although involuntary manslaughter is usually a lesser included offense of murder, in the context of drunk driving it is not].)

Under current law, voluntary intoxication cannot negate a finding of implied malice. (*People v. Timms* (2007) 151 Cal.App.4th 1292, 1297-1298, 1300 [evidence of "voluntary intoxication is irrelevant to proof of the mental state of implied malice"].) The limited admissibility of evidence proving voluntary intoxication is governed by section 29.4, which was formerly codified at section 22. (*Carlson*, *supra*, 200 Cal.App.4th at p. 705; see § 29.4 [former § 22 renumbered § 29.4 and amended by Stats. 2012, ch. 162, § 119).) In 1995, former section 22 was amended to "preclude a defendant from relying on his or her unconsciousness caused by voluntary intoxication as a defense to a charge of implied malice murder." (*Carlson*, *supra*, 200 Cal.App.4th at p. 705.) In relevant part, this statute provides: "Evidence of voluntary intoxication is admissible solely on the issue of whether or not the defendant actually formed a required specific intent, or, when charged with murder, whether the defendant premeditated, deliberated, or harbored express malice aforethought." (§ 29.4, subd. (b).) Thus, following the amendment to former section 22, "[i]t is no longer proper to instruct a jury . . . that 'when a defendant, as a result of voluntary intoxication, kills another human being without premeditation and deliberation and/or without intent to kill (i.e. without express malice), the resultant crime is involuntary manslaughter.' This instruction is incorrect because a defendant who

9

unlawfully kills without express malice due to voluntary intoxication can still act with implied malice, which voluntary intoxication cannot negate. . . . To the extent that a defendant who is voluntarily intoxicated unlawfully kills with implied malice, the defendant would be guilty of second degree murder." (*People v. Turk*, *supra*, 164 Cal.App.4th at pp. 1376-1377, fn. omitted.)

Here, defendant admits that his claimed unconsciousness at the time of the fatal collision was due to "voluntary and heavy intoxication." He was prosecuted for second degree murder based on an implied malice theory. Therefore, CALCRIM No. 626 is inapplicable under the facts of this case. When malice is implied, voluntary intoxication cannot negate it. (*Carlson*, *supra*, 200 Cal.App.4th at p. 707.) This rule does not change when intoxication leads to unconsciousness. "No reason exists to carve out an exception where a person drinks so much as to render him or her unconscious." (*Ibid.*) Moreover, crimes committed "in the driving of a vehicle" are expressly excluded from the definition of involuntary manslaughter. (§ 192, subd. (b).) Defendant's arguments urging a contrary result are unpersuasive.

We reach the same result with regard to defendant's related claim, that the trial court erred in failing sua sponte to instruct the jury with a modified version of CALCRIM No. 625 [voluntary intoxication]. This instruction is inapplicable to cases where, as here, the murder charge is exclusively based on a theory of implied malice. This is because voluntary intoxication can only negate express malice, not implied malice, as was the basis for the People's case against defendant here. (§ 29.4, subd. (b); *People v. Martin* (2000) 78 Cal.App.4th 1107, 1114-1115.) [FN 2]

The judgment is affirmed.

[FN 2: Because we have concluded that the trial court did not err in failing to sua sponte instruct the jury with CALCRIM Nos. 625 and 626, we do not consider the People's alternative argument that the record does not contain substantial evidence showing defendant was unconscious at the time of the fatal collision. We also decline to consider the equal protection argument raised for the first time in defendant's reply brief. "Withholding a point until the reply brief deprives the respondent of an opportunity to answer it. . . . Hence, a point raised for the first time therein is deemed waived and will not be considered, unless good reason is shown for failure to present it before. [Citations.]" (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29, fn. omitted.) Defendant has shown no reason for his failure to timely raise the issue. It is therefore deemed forfeited. (*Ibid.*)

(People v. Harsin, slip op. at 3-8) (ECF No. 18-8 at 3-8.)

Initially, the court observes that petitioner's contention that involuntary manslaughter is a lesser-included offense of the second degree murder offense charged in his case is contrary to

California law. See Cal. Penal Code § 192 (stating that involuntary manslaughter "shall not apply to acts committed in the driving of a vehicle"); Chavez v. Uribe, 2011 WL 1933749, at *4 (C.D. Cal. Mar. 21, 2011) (California state courts have held that vehicular manslaughter is not a lesser-included offense of second degree murder), adopted, 2011 WL 1935746 (C.D. Cal. May 19, 2011). The state appellate court held that CALCRIM Nos. 625 and 626 are inapplicable to this case because "the murder charge is exclusively based on a theory of implied malice," and "voluntary intoxication cannot negate [implied malice]." (ECF No. 18-8 at 6, 7.) This court is bound by the state appellate court's interpretation of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law," and a federal habeas court is bound by the state's construction except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue."); see also Cornish v. Brazleton, 2014 WL 1457768, at *1-2 (C.D. Cal. April 15, 2014) (failing to instruct the jury on the theory of voluntary manslaughter cannot merit habeas relief because California law does not allow the theory of voluntary manslaughter as an unintentional killing while committing an inherently dangerous felony).

Moreover, federal habeas relief is not available for alleged error in the application of state law, and habeas corpus cannot be used in federal court to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972); see also Wilson, 562 U.S. at 16; Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"); Wood v. Ryan, 693 F.3d 1104, 1115 (9th Cir. 2012). Accordingly, the question of whether the trial court violated state law in failing to give such jury instructions is not cognizable in this federal habeas proceeding.

Finally, the United States Supreme Court has held that the failure to instruct on a lesser-included offense in a capital case is constitutional error if there was evidence to support the instruction. Beck v. Alabama, 447 U.S. 625, 638 (1980). The Supreme Court has not decided,

however, whether this rationale also extends to non-capital cases. The Ninth Circuit, like several other federal circuits, has declined to extend Beck to find constitutional error arising from the failure to instruct on a lesser-included offense in a non-capital case. See Solis v. Garcia, 219 F.3d 922, 929 (9th Cir. 2000); Windham v. Merkle, 163 F.3d 1092, 1106 (9th Cir. 1998) ("[T]he failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question."); James v. Reese, 546 F.2d 325, 327 (9th Cir. 1976) ("Failure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding"). See also United States v. Rivera-Alonzo, 584 F.3d 829, 834 n.3 (9th Cir. 2009) ("In the context of a habeas corpus review of a state court conviction, we have stated that there is no clearly established federal constitutional right to lesser included instructions in non-capital cases. . . . On direct review, we have not resolved whether there is a Constitutional right to a lesser-included instruction in noncapital cases.") Accordingly, the decision of the California courts denying petitioner relief as to this claim was not contrary to United States Supreme Court authority as set forth in the Beck decision. Further, to find a constitutional right to a lesser-included offense instruction here would require the application of a new rule of law in the context of a habeas petition, something the court cannot do under the holding in Teague v. Lane, 489 U.S. 28 (1989). See Solis, 219 F.3d at 929 (habeas relief for failure to instruct on lesser-included offense in non-capital case barred by Teague because it would require the application of a new constitutional rule); Turner v. Marshall, 63 F.3d 807, 819 (9th Cir. 1995), overruled on other grounds by Tolbert v. Page, 182 F.3d 677 (9th Cir. 1999) (en banc).

The decision of the California Court of Appeal rejecting petitioner's claim of jury instruction error is not contrary to or an unreasonable application of federal law. Accordingly, petitioner is not entitled to federal habeas relief.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 12, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hars2516.157